**QHING HUA CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–1749–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

Lee Ratner, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Dalin R. Holyoak, Attorney; Monica M. Fuentes, Law Intern, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qhing Hua Chen, a native and citizen of the People's Republic of China, seeks review of a March 18, 2008 order of the BIA affirming the September 19, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qhing Hua Chen,* No. A98 593 676 (B.I.A. Mar. 18, 2008), aff'g No. A98 593 676 (Immig. Ct. N.Y. City Sept. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA does not expressly adopt the IJ's decision but its reasoning "closely tracks" that of the IJ, we review both decisions "for the sake of completeness." *See Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 166–67 (2d Cir.2008).

We find that the agency's adverse credibility determination is supported by substantial evidence. The IJ found inconsis-

tencies between Chen's testimony and the documentary evidence in the record regarding whether she ever had a second pregnancy and abortion. Chen testified that during a routine check-up in May 1999, family planning authorities discovered that her intra-uterine device ("IUD") had fallen out and that she had become pregnant, and forced her to have an abortion. However, her official IUD booklet showed that Chen was not pregnant and that her IUD was in place on the day of that check-up. Chen argues that she adequately explained the discrepancy, claiming that the entry indicated her status after the abortion, but the IJ properly declined to credit that explanation. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Finally, the IJ also expressed concern that Chen had failed to corroborate the basic elements of her claim. She does not challenge that finding before this Court, waiving any such argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Taken together, the IJ's corroboration finding and the inconsistencies in the record constitute substantial evidence in support of the denial of Chen's asylum application. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 166–67. Finally, inasmuch as Chen based her claim for withholding of removal and CAT relief on the same factual predicate as her asylum claim, and the IJ found that this evidence lacked credibility, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't.of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).